IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAZELL D. JACKSON, SR, #24016426, PLAINTIFF, | § § § § | |
| V. | § § | CASE NO. 3:24-CV-2334-K-BK |
| THE STATE OF TEXAS, CITY OF DALLAS, ET AL., DEFENDANTS. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 14. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On September 13, 2024, Plaintiff Lazell D. Jackson, Sr., an inmate at the Dallas County Jail, filed a complaint against the State of Texas, City of Dallas, and Judge Stephens under 42 U.S.C. § 1983. Doc. 3. In his amended complaint (the operative pleading), he challenges his 1991 conviction for aggravated sexual assault with a deadly weapon for which he was sentenced to 20 years' imprisonment. *State v. Jackson*, No. F90-50455 (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex., May 24, 1991), *aff'd*, No. 05-91-00669-CR (Tex. App—Dallas Apr. 22, 1992). Jackson requests the removal of his 1990 conviction from his criminal record and his name from

the sex offender registry. Doc. 12 at 4. He also seeks $50,000,000 in compensatory damages. Doc. 12 at 4.

Jackson also filed two supplemental pleadings. In the first, he challenges his lengthy pretrial detention and excessive bond. Doc. 15. In the second, he attacks his 2024 arrest and indictment in Cause No. F24054473, for Failure to Comply with Sex Offender's Duty to Register. Doc. 16. Jackson states that the 2024 charge relies on his earlier conviction in Cause No. F90-50455. Doc. 16 at 1-3.

## II. ANALYSIS

Because Jackson is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Jackson's complaint is frivolous.

Jackson also seeks monetary damages for his conviction in Case No. F90-50455, and alleges many wrongdoings by Defendants. However, the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge to Jackson's state conviction under 42 U.S.C. § 1983. "In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under §1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486-87). Put differently, *Heck* bars a judgment that "necessarily impl[ies] the invalidity" of a conviction unless that conviction has been reversed, invalidated, or otherwise set aside. *See Heck*, 512 U.S. at 487.

Here, a ruling in Jackson's favor on the claims alleged would necessarily implicate the validity of his conviction in Cause No. F90-50455. *Heck*, 512 U.S. at 487. The central theme of Jackson's complaint is that he should not have been convicted of aggravated sexual assault. Because he has not alleged that his conviction has been reversed, invalidated, or otherwise set aside, his claims are not cognizable under § 1983. The complaint thus lacks any basis in law and should be dismissed with prejudice as frivolous until Plaintiff satisfies the conditions set forth in *Heck*. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous).

Further, any supplemental claim relating to Jackson's wrongful arrest in Cause No. F24-054473 fails as a matter of law. Following his arrest, Jackson appeared before a magistrate and a grand jury indicted him on May 15, 2024, for Failure to Comply with Sex Offender Duty to Register. Because these ensuing events broke the chain of causation for any false arrest, Jackson's false arrest claim is foreclosed and should be dismissed. *See Cuadra v. Houston*

3

*Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (finding a court appearance or grand jury indictment breaks the chain of causation for an allegedly false arrest, "insulating the initiating party").[1]

Lastly, if Jackson seeks habeas relief—earlier or speedier release from pretrial confinement because of an allegedly excessive bond and lengthy pretrial confinement— his claims are not cognizable under § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))).

**III. LEAVE TO AMEND**

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As discussed here, Jackson's apparent claims are fatally infirm. Based on the most deferential review of his complaint, it is unlikely that, given the opportunity, he could allege cogent and viable legal claims. Jackson has already amended his complaint and filed two supplemental ones. Under these circumstances, the Court concludes that Jackson has already pleaded his best case and granting leave to amend would be futile and cause needless delay.[2]

---

[1] The docket sheet for Cause No. F24-054473 is available on the Dallas County website at Dallas County | Online Record Search (last accessed Oct. 24, 2025).

[2] That notwithstanding, the 14-day objection period will permit Jackson the opportunity to proffer factual and/or legal bases, if any, to cure the infirmities in his claims outlined herein.

## IV. CONCLUSION

This action should be summarily **DISMISSED WITH PREJUDICE** as frivolous until Jackson satisfies the conditions set forth in in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on October 27, 2025.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).